**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI SOUTHERN DIVISION**

| | | |
|---|---|---|
| MEI ZHAO,<br><br>Petitioner,<br><br>v.<br><br>JIM C. ARNOTT, et al.,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 6:26-cv-03422-MBB |

**ORDER**

Petitioner Mei Zhao petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241. She argues that her ongoing detention pending removal violates the Immigration and Nationality Act (the "INA") and the Due Process Clause. (**Doc. 1**, pp. 10-11). She asks the Court to order the Government to immediately release her. (***Id.*** at pp. 23-24). Because Petitioner's detention does not violate the INA or her right to due process, the petition is DENIED.

**Background**

Petitioner, a Chinese citizen, entered the United States illegally in 2000. (**Doc. 8-2**, p. 2). On November 19, 2003, an immigration judge ordered her removed to China in absentia under 8 U.S.C. § 1182. (***Id.***). On December 15, 2025, DHS arrested Petitioner and detained her without bond. (***Id.***); (**Doc. 1**, p. 7). DHS asked her to complete Chinese travel document applications. (**Doc. 8-2**, p. 4). She initially refused but completed the applications on February 10, 2026. (***Id.***). On March 19, 2026, DHS determined that it was necessary to continue to detain Petitioner. (***Id.*** at p. 5). On April 30, 2026, Petitioner filed a Petition for a Writ of Habeas Corpus seeking a bond hearing or immediate release (the "First Petition"). (***Id.***); (**Doc. 8-1**). The Court denied the First

Petition on June 5, 2026 because she had been detained for less than 6 months. (**Doc. 8-2**, p. 5); (**Doc. 8-1**).

On June 8, 2026, DHS confirmed that Petitioner's travel document was pending verification of nationality by China. (**Doc. 8-2**, p. 5). On July 1, 2026, DHS confirmed that Petitioner's travel document was still pending. (***Id.***). On July 7, 2026, DHS updated Petitioner's travel document request with additional details. (***Id.*** at p. 6). The same day, the case was submitted to China's "National Immigration Administration" for additional nationality review. (***Id.***). On July 10, 2026, DHS determined that it was still necessary to detain Petitioner. (***Id.***). She remains detained at the Greene County Jail in Springfield, Missouri. (***Id.***).

On July 17, 2026, Petitioner filed another Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (**Doc. 1**). She argues that her detention beyond 6 months is "presumptively unconstitutional." (***Id.*** at p. 1). She claims that the Government has not met its burden to show that her removal is "significantly likely in the reasonably foreseeable future." (**Doc. 9**, p. 1). She alleges violations of the INA and her right to due process. (**Doc. 1**, pp. 10-11).

**Discussion**

28 U.S.C. § 2241 gives federal courts jurisdiction to hear constitutional challenges to the legality of immigration-related detention. *See* ***Zadvydas v. Davis***, 533 U.S. 678, 687 (2001). *See also* ***Rasul v. Bush***, 542 U.S. 466, 483-84 (2004) (holding that Section 2241 conferred jurisdiction to hear a challenge to an alien's detention). But "[d]istrict Courts in this circuit and elsewhere agree that a habeas petitioner under § 2241 bears the burden of demonstrating by a preponderance of the evidence that his or her detention is unlawful." ***Vargas Lopez v. Trump***, 802 F. Supp. 3d 1132, 1137 (D. Neb. 2025). *See* ***Johnson v. Mabry***, 602 F.2d 167, 171 (8th Cir. 1979) ("Generally, the burden of proof in a habeas corpus proceeding is on the petitioner to establish by a

preponderance of the evidence that he is entitled to relief."). Petitioner fails to carry that burden. She has not provided "good reason" to believe that her removal is not significantly likely in the reasonably foreseeable future. ***Zadvydas***, 533 U.S. at 701. And her detention does not violate her right to due process.

Though Section 1231 permits detention of aliens ordered removed under Section 1182, "[i]t does not permit indefinite detention." ***Zadvydas***, 533 U.S. at 689. "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." ***Id.*** at 699. So the Court asks whether the detention "exceeds a period reasonably necessary to secure removal." ***Id.*** The Court measures reasonableness "primarily in terms of the statute's basic purpose, namely, assuring the alien's presence at the moment of removal." ***Id.*** The review considers "the greater immigration-related expertise of the Executive Branch," and "Executive Branch primacy in foreign policy matters." ***Id.*** at 700. Detention for six months is presumptively authorized. ***Id.*** at 701. After six months, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." ***Id.***

Since the Court denied the First Petition, the Government has demonstrated an incremental and ongoing effort to remove Petitioner. The Government showed regular contact with its Chinese counterpart. DHS recently amended Petitioner's travel document request. China submitted the request to another agency for additional review. The Government notes that this process has been historically effective but takes time. (**Doc. 8-2**, pp. 4, 6). Petitioner claims that her removal is not reasonably foreseeable because the Government "cannot say when, or whether, a travel document will issue." (**Doc. 9**, p. 3). But it is Petitioner's burden to show "good reason" to believe that travel documents will not issue. *See* ***Zadvydas***, 533 U.S. at 701. *See also* ***Joseph v. United States***,

127 F. App'x 79, 81 (3d Cir. 2005) (per curiam) (holding that a petitioner failed to show good reason to believe there was no significant likelihood of removal where he offered no evidence that travel documents would not issue). She has been detained for approximately 8 months. But length of detention, without more, is not enough. *See* ***Joseph***, 127 F. App'x at 81 (petitioner did not meet his burden when he was detained for 14 months); ***Joseph K. v. Berg***, 2019 WL 13254377, at *1 (D. Minn. Mar. 15, 2019), *report and recommendation adopted*, 2019 WL 13254378 (D. Minn. May 3, 2019) (same for a petitioner detained for 10 months); ***Herdem v. Noem***, 2026 WL 788087, at *12 (D. Neb. Mar. 20, 2026) (same for a petitioner detained for 7 months). Her detention is lawful under Section 1231.

Petitioner's due process claim fails for the same reason. Due process is satisfied if removal is reasonably foreseeable. ***Zadvydas***, 533 U.S. at 689. "In other words, the *Zadvydas* standard *is* due process: a § 1231 detainee who fails the *Zadvydas* test fails to prove a due process violation." ***Castaneda v. Perry***, 95 F.4th 750, 760 (4th Cir. 2024) (emphasis in original). Her due process claim fails because it fails the *Zadvydas* test.

**Conclusion**

Petitioner's continued detention does not violate the INA or her right to due process. The Petition for a Writ of Habeas Corpus is DENIED.

**IT IS SO ORDERED.**

/s/ Megan Blair Benton
MEGAN BLAIR BENTON
UNITED STATES DISTRICT JUDGE

Dated: September 1, 2026